UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES WEATHERSPOON, *Pro Se*, | Case No.: 4: 19 CV 2237 |
| Petitioner | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| WARDEN MARK K. WILLIAMS, | |
| | MEMORANDUM OF OPINION |
| Respondent | AND ORDER |

*Pro Se* Petitioner Charles Weatherspoon, a federal prisoner incarcerated at FCI-Elkton pursuant to a 2011 judgment of conviction in this court for attempted possession of cocaine with intent to distribute, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Doc. No. 1.)

The Petition appears identical to a prior Petition he filed in this court, challenging on the same grounds a public safety factor (PSF) sex offender classification assigned to him by the Bureau of Prisons (BOP). *See Weatherspoon v. Williams*, Case No. 4:19 CV 1835 (N. D. Ohio).

The court finds that this Petition must be summarily dismissed as duplicative of Petitioner's previously-filed petition. *See Davis v. United States Parole Comm'n*, No. 88-5905, 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (a later-filed habeas petition that is "essentially the same" as a prior petition is properly dismissed as duplicative); *Abdel-Bachir v. U.S. Attorney General*, Case No. 1:17-cv-642, 2017 WL 8219530, at *1 (S.D. Ohio Oct. 24, 2017) (a district court "has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court").

Further, although *habeas corpus* petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255, federal "courts may decline to address claims brought repeatedly." *Dietz v. U.S. Parole Com'n*, 260 F. App'x 763, 765 (6th Cir. 2008). Title 28 U.S.C. § 2244(a) expressly provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application, except as provided in section 2255.

**Conclusion**

Accordingly, in light of the Petitioner's prior petition, this duplicative action is summarily dismissed. The Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              /s/ Solomon Oliver, Jr.
                                              SOLOMON OLIVER, JR.
                                              UNITED STATES DISTRICT COURT JUDGE

December 5, 2019